UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NORTH SHORES OF SAUGATUCK, LLC,          Case No. 1:18-cv-00782

      Plaintiff,                                              Hon. _____

v

THE UNITED STATES OF AMERICA,
*acting through* THE UNITED STATES
ARMY CORPS OF ENGINEERS,

      Defendant.

Laura J. Genovich (P72278)
FOSTER, SWIFT, COLLINS & SMITH, PC
Attorneys for Plaintiff
1700 E. Beltline Avenue NE, Suite 200
Grand Rapids, MI  49525
(616) 726-2200
lgenovich@fosterswift.com

## COMPLAINT TO QUIET TITLE TO REAL PROPERTY

Plaintiff, North Shores of Saugatuck, LLC, by its attorneys, Foster, Swift, Collins &

Smith, PC, states as follows:

### Parties & Jurisdiction

1.      Plaintiff, North Shores of Saugatuck, LLC, is a Michigan limited liability

company whose registered office address is 185 West 8th Street, Holland, MI 49423.

2.      Defendant is the United States of America, acting through the United States Army

Corps of Engineers.

3.      This is a quiet title action filed pursuant to the Quiet Title Act, 28 U.S.C. § 2409a,

which provides in part that "[t]he United States may be named as a party defendant in a civil

action under this section to adjudicate a disputed title to real property in which the United States

claims an interest, other than a security interest or water rights." By way of the Quiet Title Act,

the United States has waived sovereign immunity in civil suits involving title to land.

4. This Court has subject matter jurisdiction over this quiet title action pursuant to

28 U.S.C. § 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions

under section 2409a to quiet title to an estate or interest in real property in which an interest is

claimed by the United States").

5. This action is properly filed in this District because the subject real property is

located in Allegan County, Michigan, which is within this District. *See* 28 U.S.C. § 1402(d)

("Any civil action under section 2409a to quiet title to an estate or interest in real property in

which an interest is claimed by the United States shall be brought in the district court of the

district where the property is located or, if located in different districts, in any of such districts").

6. This action is timely filed pursuant to 28 U.S.C. § 2409a(g).

### General Allegations

*Subject Property*

7. Plaintiff is the record owner of certain real property located in Saugatuck

Township, Allegan County, Michigan, and legally described on **Exhibit A** to this Complaint (the

"North Shore Property"). Plaintiff purchased the North Shore Property in 2017. *See Exhibit A.*

8. In general terms, the North Shore Property includes real property located on Lake

Michigan and along the northeast side of the Kalamazoo River and the Kalamazoo River

Channel (which connects the Kalamazoo River to Lake Michigan).

9. As shown on Exhibit B to Plaintiff's recorded Declaration of Easements and

Restrictive Covenants (**Exhibit B**), Plaintiff intends to develop and/or sell eight (8) lots that abut

the Kalamazoo River Channel, which are identified as Lots 8 through 15, and construct a

walkway to Lake Michigan.  An excerpt from such exhibit is shown here for ease of reference:



10.    For further ease of reference and for demonstrative purposes, the following

photograph depicts the configuration of the Kalamazoo River Channel (on the left) and the North

Shores Property (on the right) as of June 27, 2018:



*Relevant Title History*

11.     By way of a deed dated April 27, 1904 ("1904 Deed"), Marguerite Cook ("Cook") conveyed to the United States of America certain real property (described in the 1904 Deed) to create the Kalamazoo River Channel.  **(Exhibit C.)**

12.     The 1904 Deed provides that Cook "retains and reserves the title to all land up to the revetments or retaining walls on each side of said channel as finally constructed."  (Exhibit C.)

13.     The 1904 Deed further provides that Cook conveyed "so much and such portion of said land as shall lie between the outer lines of the North and South revetments or retaining walls of said channel as finally constructed and established, and between the River as it now exists, and Lake Michigan."  (Exhibit C.)

14.     The 1904 Deed further provides that "[n]othing in this conveyance however, shall be construed as conveying or releasing any title to [the United States of America] to any land on the outer side of the revetments or retaining walls of said channel as finally constructed and established."  (Exhibit C.)

15.     The 1904 Deed describes an area within which Defendant was permitted to locate and construct the channel, but once the channel was constructed, the 1904 Deed only conveyed fee simple title to the land within the walls of the channel – that is, within the revetments.

16.     Upon information and belief, and based on a search of the title records, Defendant has not recorded any documents claiming title to any property beyond the Revetments (the channel walls), nor is Plaintiff aware of any other documents conveying any additional property rights to Defendant in relation to the North Shore Property.

*Defendant's Construction of Revetments*

17.     Consistent with the limited property conveyed to Defendant in the 1904 Deed, Defendant constructed the Kalamazoo River Channel, thereby connecting the Kalamazoo River to Lake Michigan.

18.     Upon information and belief, Defendant initially constructed the revetments or retaining walls on the Kalamazoo River Channel ("Revetments") with wood piling and stone.

19.     Over time, Defendant modified the Revetments and, at some point in time, installed underground tie backs and structures that extend inland from the channel walls beyond the land conveyed in the 1904 Deed.

20.     Upon further information and belief, Defendant replaced or improved the Revetments in 2010 and 2011, which may have included extending the tie backs even farther inland.

21.     In 2017, while requesting a permit to construct a marina inland of the subject disputed area, Plaintiff was advised that Defendant claims a fee simple interest in a portion of the North Shore Property that extends inland from the channel walls, plus an additional 10-foot wide "access area."  The width of the area claimed by Defendant ranges from approximately 12 feet to 45 feet inland from the Revetments.

22.     Defendant's claimed interest in property inland from the Revetments interferes with Plaintiff's planned development of Lots 8 through 15 and the construction of the proposed walkway to Lake Michigan.

### Count I: Quiet Title

23.     Plaintiff restates and incorporates all of the preceding allegations.

24.     A dispute exists between Plaintiff and Defendant as to title to a portion of the North Shore Property extending not more than 45 feet inland from the Revetments along the Kalamazoo River Channel.

25.     Defendant's claim to such portion of the North Shore Property is contrary to the limited interest conveyed to Defendant in the 1904 Deed.

26.     Specifically, the 1904 Deed expressly reserved – and thus did *not* convey – "title to all land up to the revetments or retaining walls on each side of said channel as finally constructed." (Exhibit C.)

27.     The 1904 Deed also made clear that Defendant did *not* receive "any land on the outer side of the revetments or retaining walls of said channel as finally constructed and established." (Exhibit C.)

28.     Despite the explicit limitations on the interest conveyed to Defendant in the 1904 Deed, Defendant is now claiming title to property that is inland from the Revetments – which is "on the outer side of the revetments or retaining walls."

29.     Defendant's claim to title is unsupported by the 1904 Deed or any other recorded instruments.

30.     Plaintiff is the fee simple owner of the North Shore Property, which includes "all land up to the revetments or retaining walls on each side of said channel as finally constructed." *See* Exhibits A and C.

31.     Plaintiff therefore requests that title to the disputed portion of the North Shore Property be quieted in Plaintiff's name.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor; order that Defendant does not own title to the disputed portion of real property described in this Complaint; and award Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, PC
*Attorneys for Plaintiff*

Dated: July 16, 2018          By:     */s/ Laura J. Genovich*
                                       Laura J. Genovich (P72278)
                                       1700 E. Beltline Avenue, NE, Suite 200
                                       Grand Rapids, MI 49525
                                       (616) 726-2200
                                       lgenovich@fosterswift.com

80273:00054:3742607-2

7